IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

WILLIAM F. CARADINE, II                                                                              PLAINTIFF

      v.                              Civil No. 11-2003

JOHN OR JANE DOE, Owner/
General Manager, Dollar General
Store; and NINA RIDENOUR                                                                        DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, William F. Caradine, II, pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1981. The case was originally filed in the Eastern District of Arkansas and transferred to this Court by order entered on January 6, 2011 (Doc. 3). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2009), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for a determination of whether service of process should issue. For the reasons stated below, it is my recommendation that the Complaint be dismissed.

### Background

According to the allegations of the complaint, on September 15, 2009, Caradine robbed the General Dollar Store located on Grand Avenue in Fort Smith, Arkansas. As he left the store and jumped on his bicycle, Nina Ridenour, a store employee was right behind him telling him to come back and give her the merchandise back.

Caradine said "no way" and left on his bicycle. Ridenour then called Caradine a "black nigger bitch" and told him not to come to the store again.

### Discussion

Pursuant to 28 U.S.C. § 1915(e) the court has the obligation to screen any complaint filed

*in forma pauperis*. Section 1915(e)(2)(B)(i-iii) provides that on review, the court "shall dismiss the case at any time if the court determines that . . . the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

Here, the claims are clearly subject to dismissal as they are frivolous and fail to state claims upon which relief may be granted.  A § 1983 complaint must allege that each Defendant, acting under color of state law, deprived Plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983.  While there are limited circumstances in which a private party may be considered to be a state actor, Caradine has not alleged the Defendants conspired with the State and its agents or that these Defendants willfully participated in joint activity with the State and its agents. *See e.g., Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). "[A] private party's mere invocation of state legal procedures does not constitute state action." *Youngblood v. Hy-Vee Food Stores, Inc.*, 226 F.3d 851, 855 (8th Cir. 2001)(Store employee, who was not employed by the police department, was not a state actor when employee reported suspected shoplifting and detained the shoplifter until police arrived)(*citing Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 n. 21, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982)).

Similarly, a private individual who complains of criminal conduct and is a witness for the prosecution does not act under color of law.  *See e.g., Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975)("The mere fact that the individual defendants were complainants and witnesses in an action which itself was prosecuted under color of law does not make their complaining or testifying other than what it was, *i.e.,* the action of private persons not acting under color of law."); *Rodgers v. Lincoln Towing Service, Inc.*, 596 F. Supp. 13, 21 (N.D. Ill. 1984), *aff'd*, 771 F.2d 194 (7th Cir. 1985)(A private citizen does not act under color of law when reporting a crime).  It is clear Defendants cannot be sued under § 1983 because they are private citizens, not acting under color of

state law.

To the extent the complaint can be read to be asserting a defamation claim, the claim also fails. A cause of action for defamation is not cognizable under § 1983. *Loftin v. United States*, 72 F.3d 133 (8th Cir. 1995); *Miner v. Brackney*, 719 F.2d 954, 955 (8th Cir. 1983).

To the extent the Plaintiff is attempting to assert a claim under 42 U.S.C. § 1981, the claim fails. "Section 1981 provides that all persons within the jurisdiction of the United States shall have 'the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens.'" *Withers v. Dick's Sporting Goods, Inc.*, ___ F.3d ___, 2011 WL 744757, *2 (8th Cir. 2011)(*quoting* 42 U.S.C. § 1981(a)). "Because the focus of section 1981 is on contractual obligations, any claim brought under § 1981 . . . must initially identify an impaired contractual relationship under which the plaintiff has rights." *Id.* (internal quotations and citations omitted). No such relationship exists here. Plaintiff was not a customer of the store. Instead, he was committing a robbery.

To the extent Plaintiff asserts state law claims under the Arkansas Civil Rights Act, the Court should decline to retain supplemental jurisdiction over the claim. 28 U.S.C. § 1367.

## Conclusion

Accordingly, it is the recommendation of the undersigned that the motion to proceed *in forma pauperis* be denied and this case dismissed as the federal claims asserted are frivolous and fail to state claims upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i-ii). Pursuant to the provisions of the Prison Litigation Reform Act, Plaintiff is required to pay the full $350 filing fee. *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997)(under the PLRA, prisoners are responsible for the filing fees the moment a civil action is filed). **The Clerk should be directed to collect this fee from Plaintiff.** The dismissal will constitute a strike under 28 U.S.C. § 1915(g)**. The Clerk should be directed to put a §1915(g) strike flag on this case.**

With respect to the claim under the Arkansas Civil Rights Act, I recommend that the Court decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of March 2011.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE